IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHARLES C. GUENTHER,

    Plaintiff,

- vs -                      No. _____
                                          JURY DEMANDED

THE UNIVERSITY OF MEMPHIS,

    Defendant.

## COMPLAINT

Comes now the Plaintiff Charles C. Guenther seeking judgment against the Defendant University of Memphis and alleges as follows:

### Jurisdiction and Venue

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1337 to redress the deprivation of rights secured to the Plaintiff by the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII).

2. The Court has supplemental jurisdiction over Plaintiff's state law claims of age and sex discrimination under the Tennessee Human Rights

Act, 4-21-101 et seq. (hereinafter "THRA")

3. Venue is proper in this Court.

### Exhaustion of Administrative Remedies

4. On November 27, 2013, Plaintiff filed Charge No. 490-2014-00375 with the Equal Employment Opportunity Commission ("EEOC") alleging the same claims set forth in this Complaint.  Attached hereto is a copy of the charge.

5. On April 18, 2014, the U.S. Department of Justice issued Plaintiff a notice of right to sue on his Charge No. 490-2014-00375.  Attached hereto is a copy of the right to sue notice.

6. This action is timely filed.

### Parties

7. The Plaintiff, Charles C. Guenther, is a male citizen of the United States and a resident of Memphis, Tennessee.  He was born on August 1, 1948 and is currently 65 years old.

8. The University of Memphis (hereinafter "the University") is a public university governed by the Tennessee Board of Regents System of Colleges and Universities, and it is owned and operated by the State of Tennessee.  The University is located at 3720 Alumni Avenue, Memphis, Tennessee 38152.  The phone number is (901) 678-2000.

9. The University is an employer as that term is defined in the ADEA, 29 U.S.C. § 630(b)(2), Title VII, 42 U.S.C. § 2000e(b), and the THRA, T.C.A. § 4-21-102(4).

<u>Facts</u>

10. From August 8, 1994 to April 23, 2013, Plaintiff was employed by the University in three positions: Assistant Director of Media Relations, Interim Director of Media Relations, and Director of Communications Services. He was promoted to the position of Director of Communication Services in June 2001.

11. During his employment with the University, Plaintiff received many notes and letters of appreciation from the administration, faculty, staff, members of the news media, and other individuals in the greater Memphis community.

12. Throughout the course of his employment with the University, Plaintiff received periodic salary increases from his initial salary of approximately $30,000 per year in 1994 to approximately $68,000 in 2013. These salary increases were based on his performance.

13. As Director of Communication Services, Plaintiff worked under the direct supervision of Linda Bonnin, a female who was born on October 15, 1959 and is eleven years younger than Plaintiff.

14. In December 2011, Bonnin was named interim Vice President of Communications, Public Relations, and Marketing for the University. Several months later, she was named permanent Vice President of that division.

15. On April 23, 2013, Bonnin notified Plaintiff that he was being terminated that day for unsatisfactory job performance.

16. Several months before Bonnin terminated Plaintiff's employment, she made derogatory comments about his age to his co-workers. These comments included but were not limited to: "My communications director is 64 years old. What do you think the chances are that he is going to do any social networking?"

17. Two or three days after Bonnin fired Plaintiff, she told Jennifer Rorie, a student intern, "I have just fired Curt Guenther as Director of Communications Services, and I want to replace him with somebody younger and female." The statement constitutes direct evidence that Plaintiff was terminated because of his age and/or gender.

18. After Plaintiff was fired, most of his work was reassigned to Gabrielle Maxey, the Communications Coordinator for the University. Maxey is ten years younger than Plaintiff.

19. In deciding to terminate Plaintiff, Bonnin was motivated by

Plaintiff's age and/or his gender and not his abilities and work performance.

20.  Bonnin's decision to terminate Plaintiff because of his age was willful in violation of the ADEA, 29 U.S.C. § 623(a)(1) and § 626(b), because the University either knew or recklessly disregarded the fact that Bonnin's decision to terminate Plaintiff violated the ADEA.

21.  Plaintiff has suffered a substantial economic loss and has been affected by mental anguish, embarrassment, and humiliation as a result of Defendant's discriminatory action.

## Prayer for Relief

WHEREFORE, Plaintiff prays that this Court:

A.  Cause a jury to be impaneled to decide the factual issues in this cause;

B.  Issue a declaratory judgment that the discharge of Plaintiff by Defendant's agents and employees violated Plaintiff's statutory rights to be free from age and sex discrimination in employment;

C.  Enjoin Defendant from discriminating against older workers because of their age;

D.  Award Plaintiff backpay, pre-judgment interest on the backpay, reinstatement to his former or a similar position, restitution of his forfeited employee's benefits, and any other relief necessary to make him whole;

E.  Award Plaintiff liquidated damages under the ADEA in an amount equal to the earnings and other benefits he would have received but for the willful and discriminatory acts of Defendant's employees, as authorized by 29 U.S.C. § 626(b);

F.  Award Plaintiff compensatory damages against Defendant for Plaintiff's emotional pain, suffering, inconvenience, mental anguish, humiliation, and embarrassment, as authorized by 42 U.S.C. § 1981a, and T.C.A. § 4-21-306(a)(8).

H.  Award Plaintiff the costs of this action, including a reasonable attorney's fee and his out-of-pocket expenses; and

I.  Grant Plaintiff such other and further relief as the Court deems just and proper.

*s/Hite McLean, Jr.*

Hite McLean, Jr.          (BPR # 4982)
Suite 1228
2670 Union Avenue Extended
Memphis, Tennessee 38112
Phone:  (901) 323-9210
Email:  hitemclean@comcast.net

Attorney for Plaintiff
Charles C. Guenther